IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,           ) | |
|                                     ) | |
|         Plaintiff,                  ) | **ORDER DISMISSING MOTION** |
|                                     ) | |
|   vs.                               ) | |
|                                     ) | Case No. 3:09-cr-029 |
| Dennis Gene Shipton,                ) | |
|                                     ) | |
|         Defendant.                  ) | |

Before the Court is a pro se "Motion to Arrest Judgment" filed by the Defendant Dennis Shipton on November 8, 2022. See Doc. No. 429. For the reasons set forth below, the motion is dismissed.

I.      BACKGROUND

On October 20, 2010, the Court sentenced Shipton to a term of life imprisonment for conspiracy to possess with intent to distribute and distribute a controlled substance, in violation of 21 U.S.C. §§ 841 and 846. See Doc. No. 214. Shipton appealed. The Eighth Circuit Court of Appeals dismissed Shipton's appeal as untimely. See Doc. No. 228. On October 21, 2011, Shipton filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. See Doc. No. 234. The Court identified a single issue that required an evidentiary hearing and dismissed the other issues raised by Shipton. See Doc. No. 254. Following an evidentiary hearing, the Court denied Shipton's motion. See Doc. No. 268. Shipton appealed. On August 13, 2013, the Eighth Circuit Court of Appeals denied Shipton's application for a certificate of appealability and dismissed his appeal. See Doc. No. 275.

On February 21, 2014, Shipton filed a motion to set aside the judgment, which the Court denied on March 20, 2014. See Doc. No. 282. Shipton then filed a motion for reconsideration. See Doc. No. 283. The Court denied Shipton's reconsideration motion and Shipton appealed. See Doc. Nos. 284 and 285. The Eighth Circuit Court of Appeals summarily affirmed the Court's judgment. See Doc. No. 294

In February and March, 2017, Shipton filed a motion to reduce his sentence and a motion for a re-sentencing hearing. Both motions were denied. See Doc. No. 325. Shipton appealed. See Doc. No. 328. The Eighth Circuit Court of Appeals summarily affirmed the denial of both motions. See Doc. No. 330. On July 31, 2017, Shipton filed a motion for relief under Rule 60(b) and 60(d). See Doc. No. 332. On August 3, 2017, the Court dismissed the motion after finding it was in reality a successive Section 2255 motion filed without a certificate of appealability. See Doc. No. 335. Shipton has filed several other motions which have been denied by this Court and rejected by the Eighth Circuit Court of Appeals. See Doc. Nos. 341, 343, 346, 350, 354, 355, 357, 361, 371, 398, 414, 424, and 427. Now before the Court Shipton's "Motion to Arrest Judgment" filed on November 8, 2022. See Doc. No. 429.

## II.   LEGAL ANALYSIS

The Eighth Circuit Court of Appeals has instructed that when a criminal defendant files a motion following the dismissal of Section 2255 motions, the first action of the district court should be a brief inquiry into whether the motion is really a second or successive Section 2255 motion. Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002). Federal inmates may not file a "second or successive" motion under Section 2255 without pre-approval from the "appropriate court of

appeals." 28 U.S.C. § 2255(h); United States v. Lambros, 404 F.3d 1034, 1036-37 (8th Cir. 2005). If a motion is actually a successive Section 2255 motion, the district court may either dismiss the motion for failure to obtain a certificate of appealability or transfer the motion to the court of appeals. Id. The reason for this requirement is so inmates may not bypass the authorization requirements of Section 2255 by invoking some other procedure. Id. (internal citations omitted).

In his current motion, Shipton contends the indictment was flawed and the Court lacked subject matter jurisdiction. See Doc. No. 429. Upon careful review of the motion, the Court finds the current motion is essentially a second or successive motion under 28 U.S.C. § 2255. As noted above, the Shipton has previously filed a motion under Section 2255. The record reveals Shipton has not sought authorization from the Eighth Circuit Court of Appeals to file a second or successive motion under 28 U.S.C. § 2255. The Court finds that the motion is a second or successive motion under Section 2255 and is barred by 28 U.S.C. § 2255(h).

### III.   CONCLUSION

After carefully reviewing the entire record and the relevant law, the Court finds that the Defendant's motion is in reality a second or successive motion under 28 U.S.C. § 2255, filed without first obtaining authorization from the Eighth Circuit Court of Appeals as required by 28 U.S.C. § 2255(h). Accordingly, the Court issues the following **ORDER**:

1) The Defendant's motion (Doc. No. 429) is **DISMISSED** without prejudice;

2) The Court certifies that an appeal from the denial of this motion may not be taken in forma pauperis because such a appeal would be frivolous and cannot be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

3)     Based upon the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, a certificate of appealability will not be issued by this Court. <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983); <u>Tiedman v. Benson</u>, 122 F.3d 518, 520-22 (8th Cir. 1997). If the defendant desires further review of his motion he may request issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED.**

Dated this 12th day of January, 2023.

                                          */s/ Daniel L. Hovland*
                                          Daniel L. Hovland, District Judge
                                          United States District Court