IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, | ) |
| | ) **ORDER DISMISSING DEFENDANT'S** |
| Plaintiff, | ) **PETITION FOR WRIT OF ERROR** |
| | ) **CORAM NOBIS** |
| vs. | ) |
| | ) |
| Dennis Gene Shipton, | ) Case No. 3:09-cr-029 |
| | ) |
| Defendant. | ) |

Before the Court is Dennis Shipton's "Motion for Writ of Error Coram Nobis" filed on August 9, 2023. See Doc. No. 432. For the reasons set forth below, the motion is dismissed.

On October 20, 2010, the Court sentenced Shipton to a term of life imprisonment for conspiracy to possess with intent to distribute and distribute a controlled substance, in violation of 21 U.S.C. §§ 841 and 846. See Doc. No. 214. Shipton appealed. The Eighth Circuit Court of Appeals dismissed Shipton's appeal as untimely. See Doc. No. 228. On October 21, 2011, Shipton filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. See Doc. No. 234. The Court identified a single issue that required an evidentiary hearing and dismissed the other issues raised by Shipton. See Doc. No. 254. Following an evidentiary hearing, the Court denied Shipton's motion. See Doc. No. 268. Shipton appealed. On August 13, 2013, the Eighth Circuit Court of Appeals denied Shipton's application for a certificate of appealability and dismissed his appeal. See Doc. No. 275.

On February 21, 2014, Shipton filed a motion to set aside the judgment, which the Court denied on March 20, 2014. See Doc. No. 282. Shipton then filed a motion for reconsideration. See Doc. No. 283. The Court denied Shipton's reconsideration motion and Shipton appealed. See Doc.

Nos. 284 and 285. The Eighth Circuit Court of Appeals summarily affirmed the Court's judgment. See Doc. No. 294

In February and March, 2017, Shipton filed a motion to reduce his sentence and a motion for a re-sentencing hearing. Both motions were denied. See Doc. No. 325. Shipton appealed. See Doc. No. 328. The Eighth Circuit Court of Appeals summarily affirmed the denial of both motions. See Doc. No. 330. On July 31, 2017, Shipton filed a motion for relief under Rule 60(b) and 60(d). See Doc. No. 332. On August 3, 2017, the Court dismissed the motion after finding it was in reality a successive Section 2255 motion filed without a certificate of appealability. See Doc. No. 335. Shipton has filed several other motions which have been denied by this Court and rejected by the Eighth Circuit Court of Appeals. See Doc. Nos. 341, 343, 346, 350, 354, 355, 357, 361, 380, 406, 409, 420, 424, 428, and 431. Now before the Court is motion for a writ error coram nobis filed on August 9, 2023. See Doc. No. 432.

A motion for a writ of error coram nobis filed after a motion for Section 2255 relief was denied while the defendant was in custody, is subject to the same restrictions on second or successive Section 2255 motions set forth in Section 2255(h)(1) and (2). See Baranski v. United States, 880 F.3d 951, 955-956 (8th Cir. 2018). Before a second or successive Section 2255 motion may be filed in the district court, the applicant must move the appropriate court of appeals for an order authorizing the district court to consider the second or successive motion. 28 U.S.C. § 2255(h); United States v. Lambros, 404 F.3d 1034, 1036-37 (8th Cir. 2005). Shipton has previously filed a Section 2255 motion which the Court denied. See Doc. No. 268. If a federal inmate files a successive Section 2255 motion, the district court may either dismiss the motion for failure to obtain the required authorization or transfer the motion to the court of appeals. Id. The record reveals Shipton has not

sought authorization from the Eighth Circuit Court of Appeals to file a motion for a writ of error coram nobis or a second motion under Section 2255. Under these circumstances, dismissal is appropriate.

After carefully reviewing the entire record and the relevant law, the Court finds that Shipton's Motion for a Writ of Error Coram Nobis was filed without first obtaining authorization from the Eighth Circuit Court of Appeals under 28 U.S.C. § 2255(h). Accordingly, the Court issues the following **ORDER**:

1) Shipton's motion (Doc. No. 432) is **DISMISSED**.

2) The Court certifies that an appeal from the denial of this motion may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

3) Based upon the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, a certificate of appealability will not be issued by this Court. Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983); Tiedman v. Benson, 122 F.3d 518, 520-22 (8th Cir. 1997). If the defendant desires further review of his motion he may request issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED.**

Dated this 5th day of December, 2023.

>       /s/  Daniel L. Hovland
>       Daniel L. Hovland, District Judge
>       United States District Court